Electronically Filed
3/19/2021 11:34 AM
Steven D. Grierson
CLERK OF THE COURT

COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Joseph J. Troiano, Esq.
Nevada Bar No. 12505
jjt@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MICHAEL BENIK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LVGV, LLC, d/b/a THE M RESORT SPA CASINO, a foreign limited liability corporation; DOE Individuals 1-10; DOE Employees 11-20; and ROE Corporations 21-30<br><br>Defendant. | Case No.    XVI<br>Dept. No.   A-21-827446-C<br><br>**AMENDED COMPLAINT** |

Plaintiff, Michael Benik, by and through his counsel of record, Jamie S. Cogburn, Esq. and Joseph J. Troiano, Esq. of Coburn Law, hereby alleges as follows:

**PARIES, JURISDICTION, VENUE**

1.   At all times relevant hereto, Plaintiff Michael Benik ("Plaintiff") was, and continues to be, a resident of Clark County, Nevada.

2.   At all times relevant hereto, Defendant LVGV, LLC, d/b/a The M Resorts Spa Casino ("Premises") was, and continues to be a foreign limited liability corporation, doing business in Clark County Nevada, located at 12300 Las Vegas Boulevard South, Henderson, Nevada 89044.

Page 1 of 7

3. Defendants named, referenced, or designated herein as DOE Employees 1-10; DOE Individuals 11-20; and ROE Corporations 21-30 and, together with The M Resort, DOE Employees and DOE Individuals ("Defendants") are employees, individuals, or entities whose true names and capacities are unknown to the Plaintiff and are, therefore, sued by their fictitious names. Upon information and belief, DOE Employees, DOE Individuals and ROE Entities are responsible in some manner for the events and happenings referred to herein.

4. Upon information and belief, at the time of the incident giving rise to this Complaint, DOE Employees DOE Individuals and ROE Entities owned, operated, controlled, leased, managed, maintained and/or inspected the Premises which caused Plaintiff to sustain injuries.

5. Upon information and belief, DOE Employees negligently, recklessly, and/or intentionally failed to perform or supervise performance of the maintenance, inspection, cleaning and repair of the furniture and fixtures in the Premises.

6. Upon information and belief, DOE Employees negligently, recklessly, and/or intentionally failed to perform or supervise performance of the maintenance, inspection, cleaning and/or repair of the Premises where Plaintiff sustained injuries.

7. Plaintiff will seek leave to amend this Complaint as the true identifies of DOE Employees, DOE Individuals and ROE Entities become known.

8. All acts and occurrences giving rise to this action took place in Clark County, Nevada.

9. Nevada courts hold personal jurisdiction over Defendants pursuant to their purposeful contacts with the State of Nevada.

10. Venue in the Eighth Judicial District Court is in and for the County of Clark, State of Nevada.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. Plaintiff realleges and incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

12. On March 31, 2019, Plaintiff was sitting at the bar at Burgers & Brews Restaurant in said Premises when the stool he was sitting on snapped and broke in half, thereby falling backwards to the floor.

13. As a result of the fall, Plaintiff sustained injuries requiring medical care and treatment.

14. In failing to properly maintain the furniture and fixtures in the Premises, and in particular, the stools at Burgers & Brews Restaurant in said Premises, the Defendants created a dangerous condition to the patrons.

15. All patrons of the Premises are entitled to a reasonable expectation that Defendants would maintain the Premises, their furniture, and fixtures, and in particular, the stools at Burgers & Brews Restaurant in said Premises, to ensure that said furniture and fixtures are in safe working order.

16. Defendants, despite their respective duties to inspect and maintain the furniture and fixtures in said Premises, failed to undertake reasonable steps to inspect and maintain their chairs and stools in a safely manner for their patrons.

17. Defendants, despite having notice of the dangerous furniture and fixtures in said Burgers & Brews Restaurant in said Premises, failed to undertake reasonable efforts to dispose and/or correct said damaged furniture and fixtures for patrons to safely be seated on.

18. In failing to properly maintain their furniture and fixtures in said Premises, Defendants, knew, or should have known, that it was foreseeable that a person would fall off a broken chair that was not maintained correctly.

19. As a result of Defendants' failure to act reasonably in inspecting or maintaining the furniture and fixtures in said Premises, and in particular the stools at Burgers & Brews Restaurant in said Premises, an unforeseeable risk of harm was allowed to exist, directly leading to the harms and losses sustained by the Plaintiff.

20. Had Defendants acted reasonably in ameliorating the above-described dangerous condition in a timely fashion upon inspection or receipt of notice, the harms and losses sustained by Plaintiff would not have occurred.

21. As a result of said fall, Plaintiff was required medical care and treatment. Plaintiff has incurred associated medical costs in excess of $15,000.00 and may continue to incur future medical costs pertaining to the care and treatment of said injuries.

22. Plaintiff's injuries and associated care have caused, and may continue to cause, Plaintiff to experience future pain and suffering.

### FIRST CAUSE OF ACTION

**(Negligence – Against All Defendants)**

23. Plaintiff realleges and incorporates by reference, each and every allegation previously made in this Complaint as if fully set forth therein.

24. Defendants knew, or should have known, that by failing to maintain their furniture and fixtures in said Premises in a reasonable and safe condition and working order, they would create a foreseeable risk of harm to the patrons, and in particular, the Plaintiff.

25. Defendants knew, or should have known, that failing to remove said broken chairs, stools, and other furniture and fixtures, would create a foreseeable risk of harm to patrons, and in particular, the Plaintiff.

26. Defendants had actual and constructive notice of the dangerous conditions of the furniture and fixtures, and in particular, the stools at Burgers & Brews Restaurant in said Premises.

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

27. Defendants failed to maintain the dangerous condition of the furniture and fixtures in such a way to avoid posing a hazard.

28. In failing to properly perform maintenance to the furniture and fixtures, and in particular, the stools at Burgers & Brews Restaurant in said Premises, Defendants breached their duties thereby creating a dangerous condition on the Premises.

29. Upon information and belief, DOE Employees may have been, or were, employees of The M Resort, DOE Individuals, and ROE Entities, at the time of Plaintiff's fall, described herein, and is fully and wholly imputed to The M Resort, DOE Individuals, and/or ROE Entities pursuant to the doctrine of Respondeat Superior.

30. As a further direct and proximate result of Defendants' breach of their duties, DOE Employees caused Plaintiff to fall from the broken stool, as further described herein.

31. As a direct and proximate result of Defendants' breach of their duties, Plaintiff incurred physical injuries, some of which may be permanent and disabling in nature, and experience significant pain and suffering.

32. As a direct result of these injuries, Plaintiff reasonably sought medical care and treatment for his injuries and was required to incur the costs and expenses incidental thereto, in an amount in excess of $15,000.00.

33. Plaintiff may yet require future medical care and treatment as a result of said injuries sustained in the above-described incident and will necessarily incur costs and expenses associated therewith.

34. As a direct and proximate result of Defendants' negligence as described herein, Plaintiff has been required to retain the services of Cogburn Law and is, therefore entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

## SECOND CAUSE OF ACTION

**(Negligent Hiring, Training, Supervision – Against All Defendants)**

35. Plaintiff realleges and incorporates by reference, each and every allegation previously made in this Complaint as if fully set forth herein.

36. Defendants owed a duty of care to Plaintiff to use reasonable care in the hiring, training, and supervision of DOE Employees to whom they employ to maintain the furniture and fixtures in said Premises.

37. Defendants breached their duty to Plaintiff by failing to reasonably hire, train, and supervise DOE Employees regarding the condition of their furniture and fixtures in said Premises and to reduce the risk of injuries to their patrons.

38. Defendants breached their duty to Plaintiff by continuing to retain DOE Employees to maintain their furniture and fixtures, despite the fact that they knew, or should have known, that said DOE Employees were unfit to perform their duties.

39. As a direct and proximate result of Defendants' breach of their duties, DOE Employees caused said fall of the Plaintiff, as further described herein.

40. As a further direct and proximate result of Defendants' breach of their duties, Plaintiff was injured, causing Plaintiff pain and suffering of body and mind.

41. As a further direct and proximate result of Defendants breach of their duties, Plaintiff has incurred expenses for medical care and treatment in an amount to be proven at time of trial.

42. As further a direct and proximate result of Defendants' negligence as described herein, Plaintiff has been required to retain the services of Cogburn Law and is, therefore entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment of this Court as follows:

1. For general damages for past and future harms and losses in an amount in excess of $15,000.00;

2. For special damages for past and future harms and losses in an amount in excess of $15,000.00;

3. For costs of suit herein incurred;

4. For attorney fees;

5. For pre- and post-judgment interest; and

6. For such other and further relief as to this Court shall deem just and proper.

Dated this 19th day of March, 2021.

COGBURN LAW

By: __/s/Joseph J. Troiano__
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Joseph J. Troiano, Esq.
Nevada Bar No. 12505
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*

Ruder, Sonya

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Friday, March 19, 2021 11:35 AM |
| **To:** | EfileLasVegas |
| **Subject:** | Notification of Service for Case: A-21-827446-C, Michael Benik, Plaintiff(s)vs.LVGV, LLC,, Defendant(s) for filing Amended Complaint - ACOM (CIV), Envelope Number: 7582849 |

**[EXTERNAL EMAIL]**



# Notification of Service

Case Number: A-21-827446-C
Case Style: Michael Benik, Plaintiff(s)vs.LVGV, LLC,, Defendant(s)
Envelope Number: 7582849

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-21-827446-C |
| **Case Style** | Michael Benik, Plaintiff(s)vs.LVGV, LLC,, Defendant(s) |
| **Date/Time Submitted** | 3/19/2021 11:34 AM PST |
| **Filing Type** | Amended Complaint - ACOM (CIV) |
| **Filing Description** | Amended Complaint |
| **Filed By** | Sarah Wilder |
| **Service Contacts** | Michael Benik:<br><br>Joseph Troiano (jjt@cogburncares.com)<br><br>File Clerk (efile@cogburncares.com)<br><br>Noel Raleigh (ncr@cogburncares.com)<br><br>Sarah Wilder (scw@cogburncares.com)<br><br><br>LVGV, LLC,:<br><br>Michael Lowry (michael.lowry@wilsonelser.com)<br><br>Efile LasVegas (efilelasvegas@wilsonelser.com)<br><br>Amanda Hill (amanda.hill@wilsonelser.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 30 days. | |